# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID J. GOODELL,<br><br>    Plaintiff,<br><br>v.<br><br>GARY M. LANIGAN, et al.,<br><br>    Defendants. | Civil Action No. 3:18-cv-16588 (BRM)<br><br>**MEMORANDUM ORDER** |

**IT APPEARING THAT:**

1. On November 29, 2018, Plaintiff David Goodell filed a civil rights complaint in this matter alleging that various employees of the prison in which he had been housed violated his rights. (ECF No. 1.)

2. On June 21, 2019, Defendants filed a motion to dismiss Plaintiff's complaint. (ECF No. 13.)

3. Following the briefing of that motion, this Court issued an order and opinion on January 31, 2020, which granted the motion to dismiss in part and denied it in part. (ECF Nos. 24-25.) Specifically, this Court dismissed all claims against Defendants in their official capacities with prejudice; permitted supervisory claims against Defendants Lanigan, Johnson, and D'Ilio to proceed as to Plaintiff's excessive force claims, but dismissed supervisory claims against the same Defendants related to the denial of medical treatment and retaliation; permitted Plaintiff's claims for punitive damages to proceed; permitted Plaintiff's failure to intervene claims to proceed as to Defendants Defazio, Patterson, Perez, Clifton, Danly, and Christmas, but dismissed failure to intervene claims against Defendants Kennedy, Scheuermann, and Perkins; dismissed Plaintiff's

42 U.S.C. § 1985 claims as to all Defendants; dismissed without prejudice Plaintiff's claims asserting a conspiracy to deny him medical treatment or to retaliate against him as to all Defendants; permitted Plaintiff's claim asserting a conspiracy to commit excessive force against him to proceed against Defendants Kennedy, Scheuermann, DeFazio, Patterson, Perez, Clifton, and Danley, but dismissed that claim as to Defendant Christmas; dismissed Plaintiff's retaliation claims as to all Defendants; permitted denial of medical care claims to proceed as to Defendants Mariconda and John Doe, but dismissed those claims without prejudice as to the supervisory Defendants; denied all defendants qualified immunity as to the excessive force claims, and permitted Plaintiff's state law claims to proceed against the appropriate Defendants. (*See* ECF No. 24 at 1-26). Although this Court's order memorialized these rulings, that order inadvertently failed to state that Plaintiff's conspiracy to commit excessive force claims were to proceed as to Defendants' Scheuermann and Kennedy in addition to the other Defendants. (*See* ECF No. 25).

4. On March 11, 2020, Plaintiff filed a proposed amended complaint. (ECF No. 28.) This complaint differed from the original in only one respect – it added additional factual allegations as to Plaintiff's retaliation claim against Defendant Perkins. (ECF No. 28 at 30-31.) Despite this Court's direction that he should do so should he file an amended complaint (*see* ECF No. 24 at 26 n.9), Plaintiff did not otherwise clarify his original allegations, nor did he remove from this amended complaint those claims which this Court had already dismissed for which Plaintiff added no new allegations. (ECF No. 28.)

5. On May 29, 2020, however, the parties submitted a consent order in which they requested that this Court apply its rulings as to the original complaint to the amended complaint except as to the amended retaliation claim against Defendant Perkins. (ECF No. 29.) The parties also requested that this Court amend its prior order to reflect that Plaintiff's excessive force conspiracy claim was to proceed as to Defendants Kennedy and Scheuermann in addition to Defendants DeFazio, Perez, Patterson, Clifton, and Danley. (*Id.*)

6. Because Plaintiff's amended complaint differs from the original complaint only insomuch as he has added additional allegations as to his retaliation claim against Defendant Perkins, and as the stipulated agreement reflects this Court's intentions in issuing its prior order, the parties consent order shall be granted.

7. As Plaintiff is a state prisoner bringing claims against state employees, however, his amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks monetary damages from a defendant who is immune.

8. Having reviewed Plaintiff's amended retaliation claim against Defendant Perkins, this Court finds no basis for dismissing that claim at this time. Plaintiff's amended retaliation claim shall therefore proceed against Perkins only at this time.

Therefore,

**IT IS** on this 30th day of October 2020,

**ORDERED** that the parties request for the entry of an order amending ECF No. 25 to reflect the full nature of this Court's prior decision and to apply that ruling to all of the claims in

Plaintiff's amended complaint other than his amended retaliation claim against Defendant Perkins (ECF No. 29) is **GRANTED**; and it is further

**ORDERED** that all claims against Defendants in their official capacity raised in Plaintiff's amended complaint are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Supervisory liability claims in his amended complaint against Defendants Lanigan, Johnson and D'Ilio as related to excessive force shall **PROCEED**, but those supervisory claims related to denial of medical treatment and retaliation are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's punitive damages claims in his amended complaint shall **PROCEED**; and it is further

**ORDERED** that Plaintiff's failure to intervene claim shall **PROCEED** against Defendants Sergeant Defazio; Sergeant Patterson; Corrections Officer Perez; Corrections Officer Clifton; Corrections Officer Danley; and Corrections Officer Christmas, but it is **DISMISSED WITHOUT PREJUDICE** as against Lieutenant Kennedy, Sergeant Scheuermann and Corrections Officer Perkins; and it is further

**ORDERED** that Plaintiff's § 1985 conspiracy claim is **DISMISSED WITHOUT PREJUDICE** against all Defendants; and it is further

**ORDERED** that Plaintiff's § 1983 conspiracy to commit excessive force claim shall **PROCEED** against Defendants Lieutenant Kennedy, Sergeant Scheuermann, Sergeant DeFazio; Sergeant Patterson; Corrections Officer Perez; Corrections Officer Clifton; Corrections Officer Danley, but it is **DISMISSED WITHOUT PREJUDICE** as against Defendant Christmas; and it is further

**ORDERED** that Plaintiff's § 1983 conspiracy to deny medical treatment and conspiracy to retaliate claims are **DISMISSED WITHOUT PREJUDICE** as to all Defendants; and it is further

**ORDERED** that Plaintiff's amended retaliation claim shall **PROCEED** against Defendant Perkins, but is **DISMISSED WITHOUT PREJUDICE** to the extent it was intended to be raised as to any other Defendant; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**